In the United States District Court
For the Northern District of Ohio
Eastern Division

George M. Howes                                  Case No.
c/o Pat Horner, Attorney
412 14th Street
Toledo, OH 43604                                 Judge


                        Plaintiff                Complaint


v.                                               Patricia Horner
                                                 S. Ct. #0039912
                                                 P.O. Box 5730
Core Civic, Inc.                                 Toledo, OH 43613
c/o CT Corporation System                        (419) 699-6163
Statutory Agent
4400 Easton Commons Way                          attorneypath@gmail.com
Suite 125
Columbus, OH 43219
        And

Doug Fender, Warden
NeoCC
2240 Hubbard Rd.
Youngstown, OH 44505
Fender is being sued in his Official
Capacity and individually

And
Ramous D. Lewis, #A670322
NeoCC
2240 Hubbard Rd.
Youngstown, OH 44505
And

(first name unknown) English,
Corrections Officer
NeoCC
2240 Hubbard Rd.
Youngstown, OH 44505
She is being sued here in her
Official capacity and individually

1

And
Dr. (first name unknown) Lisk
NeoCC
2240 Hubbard Rd.
Youngstown, OH 44505
Who is being sued here in her /his
Official capacity and individually


And
Dr. (first name unknown) Sergent
NeoCC
2240 Hubbard Rd.
Youngstown, OH 44505
Who is being sued here in her /his
Official capacity and individually


Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.  George M. Howes, plaintiff, was an inmate at NorthEast Ohio Correctional Center (NeoCC) and for all the events set forth herein, that was his residence. He was released on April 18, 2024. Plaintiff's inmate number was A562792. He currently resides in Akron, Ohio.

2.  Defendant Core Civic, Inc. (hereinafter Core Civic) a privately owned corporation, organized under the laws of the State of Maryland, is authorized to do business in Conneaut, Ashtabula County, Ohio and operates NeoCC. This facility is regulated by Ohio Department of Rehabilitations and Corrections (hereinafter ODRC). Core Civic has been operating NeoCC throughout the time giving rise to the events set forth herein and further is responsible for all defendants' actions as alleged herein and, further, is responsible for the negligent and reckless supervision, discipline, staffing, training, and retention of defendants.

3.  Defendant (first name unknown) English is a Corrections Officer (hereinafter, at times, CO) employed by defendant Core Civic and works at NeoCC. Further, this defendant was acting within her capacity as a Corrections Officer at NeoCC and was acting under color of state law throughout the time of the events set forth herein. Defendant CO English is being sued here in her individual and professional capacity.

2

4. Defendant Ramous D. Lewis is an inmate at NeoCC, whose inmate number is A670322 and for the events set forth herein he resided at NeoCC.

5. Defendant Doug Fender is the Warden of NeoCC, is employed by defendant Core Civic, is responsible for and supervises all staff at NeoCC, and has been throughout the time of the events set forth herein. Further, Defendant Fender was acting in his capacity as Warden at NeoCC, as an agent of Defendant Core Civic charged with the responsibility of training, supervising, disciplining, staffing Corrections Officers, agents and employees at NeoCC; he was acting under color of state law at all times. Defendant Fender is being sued here in his individual and professional capacity.

6. Defendant Dr. (first name unknown) Lisk is a physician employed by defendant Core Civic and works at NeoCC. Further, this defendant was acting within his/her capacity as a physician at NeoCC in the medical department and was acting under color of state law throughout the time of the events set forth herein. Defendant is being sued here in his/her individual and professional capacity.

7. Defendant Dr. (first name unknown) Sergent is a physician employed by defendant Core Civic and works at NeoCC in the medical unit. Further, this defendant was acting within his/her capacity as a physician at NeoCC and was acting under color of state law throughout the time of the events set forth herein. Defendant is being sued here in his/her individual and professional capacity.

## JURSIDICTION AND VENUE

8. Plaintiff incorporates by reference here, as if fully rewritten, ¶¶ 1 through 7.

9. This Court has original jurisdiction pursuant to 28 U.S.C. §1331 over plaintiff's causes of action as some of them arise under the United States Constitution and Federal law 42 U.S.C. §1983.

10. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over plaintiff's State law causes of action as they form part of the same controversy as the claims asserting original jurisdiction.

11. Venue, pursuant to 28 U.S.C. §1391(b)(2), lies within this Court and the Eastern Division because the events giving rise to this action occurred in Ashtabula County, Ohio, which is within this Court's jurisdiction.

FACTS

12. Plaintiff incorporates by reference here, as if fully rewritten, ¶¶ 1 through 11.

13. On or about July 26, 2023 plaintiff was housed in the D unit and was talking with other inmates in the common area of that unit; defendant Lewis was one of the inmates present. Plaintiff and defendant Lewis got into a verbal disagreement, so plaintiff left the area returning to his cell.

14. Shortly after returning to his cell, plaintiff was violently attacked by defendant Lewis. Lewis stabbed the plaintiff over 10 times in his back.

15. Other inmates nearby heard the altercation came into plaintiff's cell, picked up plaintiff, yelled to COs for help immediately, no one responded, so they carried plaintiff, went to the monitoring office door, kicked on it to get attention of defendant CO English, who was in the monitoring area.

16. Defendant CO English was supervising 2 Blocks that day, D2-4-6 and another unit.

17. A block consists of 3 pods and a CO station in the middle of them; 2 COs are to be assigned in the station to monitor inmates. 1 CO remains in the station and the other walks the block making rounds observing.

18. Defendant English opened the door, the inmates carrying plaintiff went to medical.

19. Medical immediately sent plaintiff to a local hospital; he underwent emergency surgery.

20. Plaintiff sustained a right punctured lung, left kidney with several lacerations and punctures, several other cuts requiring stitches. Plaintiff remained in the hospital for a week before returning to NeoCC. Plaintiff was discharged with antibiotics, pain reliever medications and ordered to use a wheelchair.

21. Defendants Core Civic and Warden Fender had plaintiff placed in a segregation unit cell. This cell was filthy when he entered it, and he was forced to clean it up so he could try to stay safe from infection due to the filth.

22. Plaintiff saw Defendant Core Civic physician assigned to NeoCC the following day; the physician, defendants Dr. Lisk or Dr. Sergent ordered plaintiff's medications

discontinued, ordered plaintiff remain in the segregation cell and ordered plaintiff off of or out of Marshall Medical unit. Additionally, this defendant swore at plaintiff and said plaintiff could just use muscle rub on his injuries.

23. Plaintiff developed a staph infection while in the cell so he was moved to Marshall Medical unit at NeoCC for further treatment. One of the defendant Doctors discontinued plaintiff's wheelchair order despite plaintiff's difficulty walking due to his injuries and the pain he was still experiencing.

24. At medical, plaintiff was examined sometimes perfunctorily by medical personnel on duty, they would intermittently change the wound dressings and/or refused to give him any pain medications.

25. One evening while in medical and having the wound dressings changed, one of the defendants, either Dr. Lisk or Dr. Sergent, approached plaintiff gave him finger to his face, and said "fuck you…the next time you get stabbed I'll just let you bleed our you dick."  A C.O. was present during this time, Ms. B. George, who had her body cam operating on record.

26. Plaintiff was taken to a segregation cell where he stayed for what a NeoCC Captain believed was plaintiff arguing with one of the defendant physicians, which they believed was why the physician swore at plaintiff. Plaintiff was not issued a rule violation.

27. Plaintiff was required, by defendant Warden Fender, to remain in segregation for a week for the incident involving the defendant physician even though plaintiff was not issued a rule violation. This segregation cell was filthy and had an inoperable toilet.

28. Ohio Administrative Code (OAC) 5120-9-09( E) (8) requires defendants Core Civic and the Warden to ensure inmates placed in TPU and/or segregation, to have basic human necessities such as access to operable toilets, running water, soap, shampoo, etc. Defendants denied plaintiff hygiene supplies thus violated this OAC section.

29. Plaintiff has undergone emergency surgery, physical pain, fear, emotional distress, anxiety and continues to experience these presently.

COUNT I: 8th Amendment violations

30.  Plaintiff incorporates by reference here, as if fully rewritten, ¶¶ 1 through 29.

31. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries he sustained from defendants' failing to have adequate staffing, failing to provide medical care and

5

treatment, requiring him to remain in an unsanitary cell and having understaffed blocks which allowed the assault on plaintiff to occur.

32. All defendants acting under color of state law, failure to provide medical care and treatment to plaintiff despite his repeated requests violated his Constitutional rights guaranteed him by the 8th Amendment to the United States Constitution and thus have infringed on Plaintiff's constitutional rights in violation of 42 U.S.C. §1983.

33. All defendants acting under color of state law, demonstrated deliberate indifference to plaintiff's safety and serious medical needs despite his repeated requests therefore violated his Constitutional rights guaranteed him by the 8th Amendment to the United States Constitution and their conduct rises to the level of cruel and unusual punishment thus has infringed on Plaintiff's constitutional rights in violation of 42 U.S.C. §1983.

34. All defendants acting under color of state law, demonstrated deliberate indifference to plaintiff's safety by allowing the facility to be understaffed by corrections officers who were and are critical for, inter alia, maintaining order and providing safety to inmates and staff. This failure by all defendants violated plaintiff Howes Constitutional rights guaranteed him by the 8th Amendment to the United States Constitution and their conduct rises to the level of cruel and unusual punishment thus has infringed on Plaintiff's constitutional rights in violation of 42 U.S.C. §1983.

35.  All defendants developed and maintained policies and / or customs which exhibited deliberate indifference to the constitutional rights of individuals held at NeoCC, including plaintiff, which caused violation of plaintiff's constitutional rights.

36. It was the policy and/or custom of all defendants to fail to exercise reasonable care in the hiring of Corrections Officers, employees and physicians at NeoCC as well as failing to hire sufficient number of staff to ensure appropriate staffing for the institution and protection of inmates.

37. It was the policy and/or custom of all defendants to inadequately train, supervise, educate and/or discipline including defendants Drs. Lisk and/or Dr. Sergent. Defendants core Civic and Warden Fender deliberate indifference to plaintiff's medical needs, their failure to exercise reasonable care to adequately train, supervise, educate and/or discipline NeoCC employees, staff, and/or Drs. Lisk and/or Sergent led to all defendants failing to discourage further constitutional  violations on the part of these physicians including defendant Fender all of which led to violations of the 8th Amendment to the United States Constitution and therefore all defendants have infringed on Plaintiff Howes' constitutional rights in violation of 42 U.S.C. §1983.

38. As a result of the above-described policies and/or customs, all defendants believed their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or led to discipline, but instead would be tolerated.

39. The above-described policies, practices and/or customs demonstrate a deliberate indifference on the part of all defendants to the constitutional rights, including the 8th Amendment, of the United States Constitution and thus have infringed on plaintiff's constitutional rights in violation of 42 U.S.C. §1983.

40. This deliberate indifference by all defendants proximately caused injuries to plaintiff, including but not limited to, emotional distress, pain, suffering, anxiety, injuries to his lungs and kidneys and infections.

Count II: Negligence -training, supervision,
discipline, staffing, retention

41. Plaintiff incorporates by reference here, as if fully rewritten, ¶¶ 1 through 40.

42. Defendants Core Civic, Warden Fender, Drs. Lisk and Sergent, agents and/or staff all knew or should have known of ODRC's policies, procedures, and regulation, the OAC requirements, those of which pertain to inmates housing in TPU and/or segregation and the necessities that are to be afforded inmates while in TPU and/or segregation.

43. Defendants Core Civic, Warden Fender, Drs. Lisk and Sergent, agents and/or staff all knew or should have known of ODRC's policies and procedures requiring them to work as professionals with the inmates, be respectful and provide medical care and treatment without retaliation.

44. These Defendants had a duty to know ODRC policies, procedures, regulations, protocol and the OAC requirements concerning housing of inmates and treatment of inmates.

45. Defendants Core Civic, Warden Fender, Drs. Lisk and Sergent and agents and/or staff had a duty of care to train, supervise, educate and discipline staff, agents, employees regarding housing of inmates in segregation. Despite their duties, these defendants ordered plaintiff to reside in segregation first in a filthy cell resulting in infection in plaintiff's wounds and second ordering him to segregation for 7 days despite plaintiff not having been issued a rule violation.

46. The training, education, supervision and/or discipline provided by defendants Core Civic and Warden Fender regarding policies, procedures, practices and/or protocol for adequate staffing of the prison to prevent inmate on inmate assaults, unjustly ordering plaintiff in

segregation, allowing staff including defendant physicians to curse at plaintiff and failing to medically treat plaintiff sufficient to assure that defendants employees, agents, including defendants was unreasonable.

47. The above-described policies, practices and/or customs, along with inadequate staffing, supervision, training, education and /or disciplining of defendants' employees, agents, was unreasonable and a breach of defendants' duty of care to plaintiff to prevent reasonably foreseeable: assault on plaintiff, abuse of the use of segregation, harassment of plaintiff by defendants, and, injuries to plaintiff.

48. Defendants' breach of their duty of care was negligence.

49. As a direct and proximate result of defendants' negligence plaintiff sustained injuries, emotional distress, fear, anxiety.

Count III: Assault and Battery

50. Plaintiff incorporates by reference here, as if fully rewritten, ¶¶ 1 through 49.

51. Defendant inmate Lewis acted in a manner consistent with the conduct described herein with the intent to cause harmful contact and did cause harmful contact with plaintiff by repeatedly stabbing him causing serious harm.

52. Defendant Lewis' actions were unlawful and unwanted, intentional and were done with hatred, ill-will and wanton disregard for plaintiff's well-being and rights.

53. As a direct and proximate result of Lewis' unwanted conduct, plaintiff Howes sustained serious physical injuries, emotional distress, fear, anxiety and had to undergo surgery.

WHEREFORE, plaintiff prays for judgment against all defendants, jointly and severally, as follows:

A. Declare that Defendants acts, omissions and conduct constitute violations of the 8th Amendment of the United States Constitution as provided by 42 USC Sect. 1983;

B. Grant judgment for plaintiff in Count I against all defendants for compensatory damages and statutory damages in an amount in excess of $75,000.00;

C.  Grant judgment for plaintiff in Count II against all defendants for compensatory damages in an amount in excess of $75,000.00;

D.  Grant judgment for plaintiff against defendant Lewis in an amount in excess of $75,000.00.


E.  Award reasonable attorney fees pursuant to 42 USC Sect. 1988; and,

F.  Award costs, expenses and interest and any other relief this Court deems just and appropriate.


                                      Respectfully submitted,

                                      */s/ Patricia Horner*
                                      Patricia Horner